Jeffrey A. LeVee (State Bar No. 125863)
jlevee@jonesday.com
Kate Wallace (State Bar No. 234949)
kpwallace@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071-2300
Telephone:   (213) 489-3939
Facsimile:    (213) 243-2539

Attorneys for Defendant
ALBERTSON'S, INC.

[Counsel for All Parties
Listed on Signature Page]

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, ex rel EDMUND G. BROWN JR., <br><br>  Plaintiff, <br><br>  v. <br><br> SAFEWAY, INC., dba Vons, a Safeway Company, ALBERTSON'S, INC., RALPHS GROCERY COMPANY, a division of the Kroger Company, FOOD 4 LESS FOOD COMPANY, a division of the Kroger Company, and DOES 1 through 100, inclusive, <br><br>  Defendants. | Case No. CV 04-0687 AG (SSx) <br><br> **FINAL JUDGMENT** <br><br> The Honorable Andrew J. Guilford |

# FINAL JUDGMENT

The Court has reviewed the parties' stipulation, dated March 26, 2008. In that stipulation, the parties take positions that allow the Court, in conjunction with prior interlocutory orders, to enter a final judgment in this action that resolves all claims that are pending before this Court without the need for a trial. Entry of final judgment will conclude proceedings in this Court so that the parties may pursue a single appeal of certain of the Court's findings and rulings to the Ninth Circuit Court of Appeals.

The Court finds that nothing in the parties' stipulation shall be construed as consent to or agreement with the Court's adverse orders or Final Judgment, and that the parties fully reserve all rights to appeal this Final Judgment.

Accordingly, pursuant to the parties' stipulation and based on the stipulated record (including the prior orders contained therein) identified in Exhibit A to the stipulation, which the Court considered prior to issuing the orders specifically identified in the stipulation and prior to issuing this final judgment, the Court hereby enters FINAL JUDGMENT in this matter as follows:

1. Plaintiff has abandoned any right to trial on its "per se" or "quick look" theories of liability under Section 1 of the Sherman Act, 15 U.S.C. § 1, and the Court finds and hereby enters a final judgment in favor of Defendants and against Plaintiff on Plaintiff's claims that the Revenue Sharing Provision ("RSP") of the Mutual Strike Assistance Agreement constitutes a violation of Section 1 of the Sherman Act under the "per se" or "quick look" theories. The Court understands that Plaintiff reserves the right to appeal and intends to appeal this determination.

2. Defendants have abandoned any right to trial on the non-statutory labor exemption to the antitrust laws, and the Court finds that the non-statutory labor exemption to the antitrust laws does not immunize the RSP from Plaintiff's

antitrust claims in this case. The Court understands that Defendants reserve the right to appeal and intend to appeal this determination.

3. Pursuant to the parties' stipulation, Plaintiff's contention that the RSP violates Section 1 of the Sherman Act, 15 U.S.C. § 1, based on a full "rule of reason" analysis is dismissed with prejudice. The Court understands that Plaintiff has permanently abandoned any claim under the full "rule of reason" and thus has abandoned any right to appeal this portion of the Final Judgment.

4. Pursuant to the parties' stipulation, all of Defendants' affirmative defenses (with the exception of the Second Affirmative Defense based on immunity under the non-statutory labor exemption) are dismissed with prejudice. The Court understands that Defendants have permanently abandoned their affirmative defenses (with the exception of the Second Affirmative Defense based on immunity under the non-statutory labor exemption) and thus have abandoned any right to appeal this portion of the Final Judgment.

5. As a result of the parties' stipulation and this Final Judgment, there are no further claims to be litigated in the district court in this litigation, and the entry of this Final Judgment is warranted.

6. No party shall be awarded costs.

So entered this 27th day of March 2008.

_____
Andrew J. Guilford
United States District Judge